IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ST. JOHN HEALTH SYSTEM, INC.<br><br>and<br><br>PHYSICIAN SUPPORT SERVICES, INC.,<br><br>Defendants. | Civil Action No. 09-CV-624-GKF-TLW<br><br>COMPLAINT<br><br>Jury Trial Demanded |

## COMPLAINT

### NATURE OF THE ACTION

This is action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to LaQuita Reherman, who was adversely affected by such practices. The Commission alleges that St. John Health System, Inc. (SJHS) and Physician Support Services, Inc. (PSSI) ( collectively, "Defendants") failed to make reasonable accommodation to and terminated the employment of LaQuita Reherman, because of her disability, hearing impairment, as alleged with greater particularity in paragraph 11 below.

### JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981.

 2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Oklahoma.

## PARTIES

 3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

 4. At all relevant times, Defendant SJHS has continuously been a domestic corporation doing business in the State of Oklahoma and have continuously had at least fifteen (15) employees.

 5. At all relevant times, Defendant PSSI has continuously been a domestic corporation doing business in the State of Oklahoma and have continuously had at least fifteen (15) employees.

 6. At all relevant times, Defendant SJHS has continuously been an employer in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

 7. At all relevant times, Defendant PSSI has continuously been an employer in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and

Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

8.      At all relevant times, Defendant SJHS has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

9.      At all relevant times, Defendant PSSI has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

10.     More than thirty days prior to the institution of this lawsuit, LaQuita Reherman filed a charge with the Commission alleging violations of Title I of the ADA by Defendant SJHS. During conciliation of Ms. Reherman's charge SJHS asserted for the first time that PSSI, a subsidiary of SJHS, was Ms. Reherman's employer, rather than SJHS. Both SJHS and PSSI were represented by counsel and participated in the conciliation. All conditions precedent to the institution of this lawsuit have been fulfilled.

11.     Since at least March 2006, Defendants engaged in unlawful employment practices at its Tulsa, Oklahoma location, in violation of Section 102(a) and (b) of Title I of the ADA, 42 U.S.C. § 12112(a) and (b), by failing to accommodate and terminating the employment of LaQuita Reherman because of her disability, hearing impairment. On or about March 2006, Defendants removed Ms. Reherman from her operating room scrub technician position due to complaints from doctors about her hearing impairment and placed her into a temporary float scrub technician position. On or about June 2006 Defendants eliminated the temporary position and refused to assist Ms. Reherman in finding another position with the SJHS hospital system.

3

12. The effect of these actions by Defendants has been to deprive Ms. Reherman of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

13. The unlawful employment practices complained of in paragraph 11 were intentional.

14. The unlawful employment practices engaged in by Defendants were done with malice or reckless indifference to the federally protected rights of Ms. Reherman.

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, successors, assigns, and all persons in active concert or participation with it, from failing to reasonably accommodate any employee's and/or terminating the employment of any employee on the basis of disability;

B. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, and that eradicate the effects of its past and present unlawful employment practices;    C. Order Defendants to make Ms. Reherman whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or frontpay;

D. Order Defendants to make Ms. Reherman whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 11 above in amounts to be determined at trial;

  E. Order Defendants to make Ms. Reherman whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described in Paragraph 11 above, including compensation for emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amount to be determined at trial;

  F. Order Defendants to pay Ms. Reherman punitive damages for its malicious and reckless conduct, in amount to be determined at trial;

  G. Grant such further relief as the Court deems necessary and proper in the public interest; and

  H. Award the Commission its costs incurred in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
BARBARA A. SEELY
Regional Attorney

_____
C. FELIX MILLER
Supervisory Trial Attorney

_____
MELVIN D. KENNEDY
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce, Room 8.100,
St. Louis, MO 63103
(314) 539-7915